# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOBBIE L. BROWN, | No. 4:17-CV-01342 |
| Petitioner, | (Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| JOHN WETZEL and<br>PA ATTORNEY GENERAL, | |
| Respondents. | |

# ORDER

### NOVEMBER 25, 2019

Bobbi L. Brown, a Pennsylvania state prisoner, filed an amended 28 U.S.C. § 2254 petition seeking to vacate his convictions and sentence.[1] In his amended petition, Brown asserts that (1) trial counsel was ineffective for failing to impeach a witness using evidence of a prior conviction and (2) the trial court erroneously instructed the jury regarding reasonable doubt and the burden of proof for self-defense.[2]

In May 2019, Magistrate Judge Martin C. Carlson issued a Report and Recommendation recommending that this Court deny the petition.[3] First, Magistrate Judge Carlson recommends that Brown's ineffective assistance of counsel claim related to the failure to impeach a witness is without merit, as the state court's

---

[1] Doc. 17.
[2] *Id.* at 31-46.
[3] Doc. 23.

determination that Brown had suffered no prejudice from that failure was not an unreasonable application of federal law and did not involve an unreasonable determination of the facts.[4] Second, Magistrate Judge Carlson reasons that the trial court's jury instructions as a whole adequately apprised the jury of the relevant legal standards regarding reasonable doubt and self-defense, and therefore any claim related to the instructions is without merit. Because that claim is without merit, Magistrate Judge Carlson concludes that Brown's procedural default may not be excused.[5]

After receiving an extension of time from the Court, Brown filed timely objections to the Report and Recommendation.[6] Brown does not object to Magistrate Judge Carlson's conclusion that the ineffective assistance of counsel claim fails.[7] Brown contends, however, that the jury instructions were confusing and inconsistent, such that there is a reasonable likelihood that the jury applied the instructions in an unconstitutional manner.[8] Brown also contends that, should his claim be rejected, he is at least entitled to the issuance of a certificate of appealability.[9]

---

4   *Id.* at 20-24.
5   *Id.* at 24-32.
6   Doc. 27.
7   *Id.* at 6 n.3.
8   *Id.* at 6-13.
9   *Id.* at 13-15.

Where no objection is made to a report and recommendation, this Court will review the recommendation only for clear error.[10] Conversely, "[i]f a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[11] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[12] Because Brown does not object to the recommended disposition of his ineffective assistance of counsel claim, that recommendation is reviewed for clear error only, while the recommendation related to the trial court's jury instructions is subject to de novo review.[13]

After reviewing the record, the Court finds no clear error in Magistrate Judge Carlson's conclusion that Brown's ineffective assistance of counsel claim is without merit. Additionally, although the trial court's jury instructions were not perfect, the Court concludes that the instructions "[t]aken as a whole"[14] correctly informed the

---

[10] Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed).

[11] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).

[12] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

[13] *See Snyder v. Bender*, 548 F. App'x 767, 771 (3d Cir. 2013) (noting that district courts need not conduct de novo review of portions of recommendation to which no party files specific objections).

[14] *Thomas v. Horn*, 570 F.3d 105, 118 (3d Cir. 2009) (quoting *Victor v. Nebraska,* 511 U.S. 1, 6 (1994)).

jury of the relevant legal standards. With regard to the reasonable doubt instruction, although the trial court's use of the term "'restrain from acting' formulation lessen[ed] the prosecution's burden of proof,"[15] the instruction as a whole was constitutionally adequate, particularly as the court twice explained that reasonable doubt is "an actual and real doubt that you have from the evidence or lack of evidence that was presented to you."[16] Because Brown's claim is without merit, his procedure default of that claim may not be excused. Accordingly, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 23) is **ADOPTED**;

2. Brown's amended 28 U.S.C. § 2254 petition (Doc. 17) is **DENIED**;

3. The Court declines to issue certificate of appealability;[17] and

4. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[15] *Id.* at 119.
[16] *See* Doc. 4-2 at 236-38. The Court recognizes the somewhat muddled language used by the trial court in defining what reasonable doubt is not (*id.* at 237-38), that language is insufficient to render the definition of reasonable doubt unconstitutional. *See Thomas v. Horn*, 570 F.3d at 119-20; *Rush v. Beard*, No. CV 08-4843, 2018 WL 3640599, at *32 (E.D. Pa. Aug. 1, 2018); *Judge v. Beard*, No. 02-CV-6798, 2012 WL 5960643, at *23 (E.D. Pa. Nov. 29, 2012).
[17] *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (setting forth legal standard).